UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Construction Industry Laborers )
Pension Fund, et al. )
                                                )
            Plaintiffs, )
                                                )
v. )   **No. 09-CV-1844-JCH**
                                                )
**AGR Construction Company** )
                                                )
            Defendant. )

## DEFAULT JUDGMENT

Upon the motion of the Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1.    Plaintiffs herein on November 10, 2009, filed their Complaint against the defendant herein; and

2.    The defendant was served through its Registered Agent, Bryan Fennell, by Special Process Server with a copy of the Summons and Complaint on December 4, 2009, at the St. Charles County Sheriff's Department, and therefore the Court has jurisdiction over said defendant; and

3.    This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4.    Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on January 11, 2010, the following

pleadings and caused the same to be mailed by certified mail to: Bryan Fennell, Registered Agent, 522 Elm Creek Drive, Wentzville, Missouri 63385:

    a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, AGR Construction Company, and in favor of plaintiffs, Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant for the period **April 1, 2007 through December 31, 2008** the amount of **TWENTY-TWO THOUSAND, TWO HUNDRED TWENTY-ONE AND 77/100 ($22,221.77) DOLLARS** in unpaid fringe benefit contributions, FOUR THOUSAND, FOUR HUNDRED FORTY-FOUR AND 35/100 ($4,444.35) DOLLARS as and for liquidated damages and ONE THOUSAND, FIVE HUNDRED THIRTY AND 94/100 ($1,530.94) DOLLARS representing interest on the unpaid contributions; **SEVEN HUNDRED SIXTY-EIGHT AND 55/100** ($768.55) DOLLARS representing reasonable attorneys' fees; TWO THOUSAND, FIVE HUNDRED SIXTY-FIVE AND 00/100 ($2,565.00) DOLLARS representing audit costs, for a total of THIRTY-ONE THOUSAND, FIVE HUNDRED THIRTY AND 61/100 ($31,530.61) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to

employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2009,** to date.

3. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2009,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant for the period **April 1, 2007 through December 31, 2008** in the amount of TWENTY-NINE THOUSAND, O NE HUNDRED NINETY-THREE AND 10/100 ($29,193.10) DOLLARS in unpaid

fringe benefit contributions, FIVE THOUSAND, EIGHT HUNDRED THIRTY-EIGHT AND 62/100 ($5,838.62) DOLLARS as and for liquidated damages and ONE THOUSAND, NINE HUNDRED SIXTY-FOUR AND 05/100 ($1,964.05) DOLLARS representing interest on the unpaid contributions; SEVEN HUNDRED SIXTY-EIGHT AND 54/100 ($768.54) DOLLARS representing reasonable attorneys' fees; TWO THOUSAND,F IVE HUNDRED SIXTY-FIVE AND 00/100 ($2,565.00) DOLLARS representing audit costs, for a total of FORTY THOUSAND, THREE HUNDRED TWENTY-NINE AND 31/100 ($40,329.31) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

2.   Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2009,** to date.

3.   That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2009,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4.   That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

                                                *Jean C. Hamilton*
                                       UNITED STATES DISTRICT JUDGE

DATED: 2/18/10